UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>  Plaintiff<br><br>v.<br><br>SATICOY BAY LLC SERIES 8324 CHARLESTON and FULTON PARK UNIT OWNERS' ASSOCIATION,<br><br>  Defendants | Case No.: 2:17-cv-02051-APG-EJY<br><br>**Order (1) Granting Plaintiff's Summary Judgment Motion and (2) Granting Fulton's Summary Judgment Motion**<br><br>[ECF Nos. 46, 48] |

Plaintiff Federal National Mortgage Association (Fannie Mae) sues to determine whether a deed of trust still encumbers property located at 8324 W. Charleston Blvd., #2033 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Fulton Park Unit Owners' Association (Fulton). Fannie Mae seeks a declaration that the HOA sale did not extinguish the deed of trust. Defendant Saticoy Bay LLC Series 8324 Charleston (Saticoy) purchased the property at the HOA sale. Saticoy counterclaims to quiet title and asserts a cross-claim against Fulton, contending that if the sale did not extinguish the deed of trust, then Fulton violated its obligation to tell bidders that it had not obtained Fannie Mae's consent before it foreclosed on the HOA lien.

Fannie Mae moves for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preserved Fannie Mae's property interest as a matter of law. Saticoy responds with a variety of arguments as to why the deed of trust was extinguished. Fulton moves for summary judgment on Saticoy's cross-claim, arguing that it owed no duty to obtain Fannie Mae's consent or to

announce that it had not obtained Fannie Mae's consent, and in any event it had no way to determine that Fannie Mae had an interest in this property.[1] Saticoy responds that it had an expectation under Nevada law that it would obtain clear title and the HOA had a duty to inform it prior to the sale that Fannie Mae had not consented to the deed of trust being extinguished.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant Fannie Mae's motion because the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust. I grant Fulton's motion because it had no duty to inform buyers that it had not obtained Fannie Mae's consent for the sale to extinguish the deed of trust and there is no evidence Fulton acted in bad faith.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

---

[1] Fulton and Fannie Mae have resolved the dispute between them. ECF No. 54.

fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Fannie Mae's Motion**

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33. Consequently, Fannie Mae has met its burden of showing it owned an interest in the property at the time of the sale.

Saticoy raises a variety of arguments as to why the federal foreclosure bar should not apply in this case. None of these arguments raises a genuine dispute, as all have been rejected previously by this or other courts.[2] Saticoy has not presented evidence that Fannie Mae's records

---

[2] *See, e.g.*, *Berezovsky*, 869 F.3d at 929, 932-33 (Fannie Mae's ownership need not be recorded, similar evidence is sufficient to prove ownership, federal foreclosure bar operates automatically absent FHFA's express consent); *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990), *as amended on denial of reh'g* (Apr. 23, 1991) (there is no requirement under Federal Rule of Evidence 803(6) that it must be shown who prepared the business records); *S. Capital Pres., LLC v. Fed. Home Loan Mortg. Corp.*, No. 2:15-cv-00801-APG-EJY, 2019 WL 5963932, at *2 (D. Nev. Nov. 13, 2019) (statute of frauds); *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) (bona fide purchaser); *Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1077-78 (D. Nev. 2016) (FHFA consent cannot be implied by silence or inaction); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849-50 (Nev. 2019) (en banc) (Fannie Mae's ownership need not be recorded and employee declarations and business records sufficed to show ownership).

3

are untrustworthy. Fed. R. Evid. 803(6)(E).  And Saticoy has not presented any other evidence raising a genuine dispute about Fannie Mae's ownership.

The only relatively new argument Saticoy raises is that there is no evidence Fannie Mae's servicer executed a power of attorney as required by Fannie Mae's servicer guide and Nevada law.  Saticoy cites to Fannie Mae's Single-Family Selling and Servicing Guide section A2-1-03, which requires the servicer to have a limited power of attorney in place to execute certain documents on Fannie Mae's behalf. *See* ECF No. 48-1 at 30.  Saticoy also cites to Nevada Revised Statutes § 162A.480(2), which requires every power of attorney "containing the power to convey any real property as agent or attorney for the owner" to be recorded.

Saticoy does not explain the significance of a power of attorney in this case or how a lack of a signed power of attorney would raise a genuine dispute about whether Fannie Mae owned the note and deed of trust.  Moreover, the Guide does not appear to limit the servicer's actions in this case.  Guide section A2-1-03 states that it allows a servicer to execute certain legal documents on Fannie Mae's behalf "[w]hen Fannie Mae is the owner of record for a mortgage loan" only if it has a limited power of attorney in place. ECF No. 48-1 at 30.  That is not the case here because Fannie Mae is not the owner of record (meaning it is not the beneficiary of the deed of trust recorded with the Clark County Recorder's Office).  When Fannie Mae is not the owner of record and instead its servicer appears as the beneficiary in the recorded documents, the servicer is "authorized to execute legal documents related to" a variety of actions "for any mortgage loan for which it (or the Mortgage Electronic Registration System . . .) is the owner of record." *Id.*  Consequently, it does not appear that a power of attorney was required for the servicer to act in relation to this property.  And even if it was, Saticoy does not explain how that would raise a genuine dispute about the material facts in this case.  Additionally, § 162A.480(2)

4

has no bearing on this case because there is no evidence Fannie Mae's servicer tried to convey any real property on Fannie Mae's behalf. *See Fed. Nat'l Mortg. Ass'n v. Warm Springs Reserve Owners Ass'n*, No. 2:16-cv-02829-JAD-BNW, 2020 WL 42460, at *5 (D. Nev. Jan. 3, 2020) (rejecting a similar argument); *Nationstar Mortg., LLC v. Eldorado Neighborhood Second Homeowners Ass'n*, No. 2:15-cv-00064-JAD-BNW, 2019 WL 4120797, at *4 (D. Nev. Aug. 29, 2019) (same).

In sum, no genuine dispute remains that Fannie Mae owned the note and deed of trust at the time of the HOA foreclosure sale and that FHFA did not consent to the sale extinguishing the deed of trust. As a result, the federal foreclosure bar preserved the deed of trust. Accordingly, I grant Fannie Mae's motion for summary judgment

**B. Fulton's Motion**

Fulton argues that under Nevada law it conveys a deed without warranty when it forecloses on an HOA lien, so it had no obligation to pass clear title to Saticoy, to obtain Fannie Mae's consent to the sale extinguishing the deed of trust, or to announce that it had not obtained that consent. Fulton also contends that because Fannie Mae did not appear in any of the recorded instruments related to the property, it had no notice that Fannie Mae might have an interest in the property. Finally, Fulton asserts that even if it could have sought Fannie Mae's consent, FHFA has indicated it would not consent so a request would have been futile.

Saticoy responds that Fulton was negligent in failing to tell bidders that it did not seek Fannie Mae's consent because the HOA stated in its notices that it was conducting the sale pursuant to Nevada Revised Statutes Chapter 116, which provides the HOA with a superpriority lien. Saticoy thus contends bidders had an expectation that the sale would extinguish all junior liens, including the deed of trust, unless the HOA announced otherwise. Saticoy alternatively

argues that Nevada Revised Statutes § 116.1113's good faith requirement obligated Fulton to disclose that it had not obtained Fannie Mae's consent.

Fulton had no duty to announce that it had not obtained Fannie Mae's consent for the sale to extinguish the deed of trust. At the time of this sale in January 2015, the HOA provided the purchaser "a deed without warranty." Nev. Rev. Stat. § 116.31164(3). Thus, by statute, the HOA was not warranting anything about the effect of the HOA sale vis-à-vis other liens. And nothing in the statute required the HOA to disclose or announce anything with respect to Fannie Mae's interest. Fulton thus had no duty to announce whether it had sought or obtained Fannie Mae's consent. *Cf. Noonan v. Bayview Loan Servicing, LLC*, No. 74525, 438 P.3d 335, 2019 WL 1552690, at *2 (Nev. 2019) (affirming summary judgment in favor of HOA foreclosure agent on a negligent misrepresentation claim because the agent "neither made an affirmative false statement nor omitted a material fact it was bound to disclose" where the statute did not require an HOA to disclose whether the superpriority amount had been tendered).

Saticoy fares no better under § 116.1113. That statute provides that "[e]very contract or duty governed by . . . chapter [116] imposes an obligation of good faith in its performance or enforcement." Saticoy has not presented any evidence that Fulton did not act in good faith. Accordingly, I grant Fulton's motion for summary judgment.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 48) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Federal National Mortgage Association and against defendant Saticoy Bay LLC Series 8324 Charleston as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Fulton Park Unit Owners' Association on January 28, 2015 did not

extinguish the deed of trust and the property located at 8324 W. Charleston Blvd., #2033 in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that cross-defendant Fulton Park Unit Owners' Association's motion for summary judgment **(ECF No. 46) is GRANTED**. The clerk of court is instructed to enter judgment in favor of cross-defendant Fulton Park Unit Owners' Association and against cross-claimant Saticoy Bay LLC Series 8324 Charleston.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 11th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE